UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

LINDA A. LOGAN and :
EPHRAIM E. LOGAN :
 :
v. : C.A. No. 23-00293-WES
 :
HEATHER ANTAYA and :
LYNNE TOWNSEND :

# REPORT AND RECOMMENDATION FOR
## SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)

Lincoln D. Almond, United States Magistrate Judge

Plaintiffs Linda A. Logan and Ephraim E. Logan have instituted this civil action seeking to have this Court review and reverse decisions made by the Rhode Island Superior Court. Pending before me for determination is Plaintiff Linda Logan's Application to Proceed In Forma Pauperis ("IFP") (ECF No. 2) pursuant to 28 U.S.C. § 1915 without being required to prepay costs or fees, including the $402.00 civil case filing fee. After reviewing Ms. Logan's Application, I conclude that she is unable to pay fees and costs in this matter and thus, her Application to Proceed IFP (ECF No. 2) is GRANTED. Co-plaintiff Ephraim E. Logan did not file an IFP application and has provided the Court with no information suggesting that he is unable to afford the filing fee. If this case were to proceed without prepayment of filing fee, both Plaintiffs must qualify for IFP status. See Armstrong v. Jewell, C.A. No. 15-215-ML, 2015 WL 13657659 at *2 (D.R.I. May 22, 2015).

Despite the absence of an IFP application by Co-plaintiff, the Court has conducted a review of Plaintiffs' Complaint sua sponte under 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, the Court must dismiss this suit if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief."

For the reasons discussed below, I recommend that Plaintiffs' Complaint be DISMISSED WITHOUT PREJUDICE.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an action taken IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The First Circuit has held that the affirmative defense of the statute of limitations may justify dismissal under Section 1915, see Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991), and other courts have upheld dismissals under Section 1915 because of other affirmative defenses appearing on the face of a complaint. See e.g., Kimble v. Beckner, 806 F.2d 1256, 1257 (5th Cir. 1986).

**Discussion**

I recommend that Plaintiffs' Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). In making this recommendation, I have taken all of the allegations in Plaintiffs' Complaint as true and have drawn all reasonable inferences in their favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, I have liberally reviewed Plaintiffs' allegations and legal claims since they have been put forth by pro se litigants. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972).

However, even applying these liberal standards of review to Plaintiffs Complaint, dismissal is required.

Plaintiffs initiated this pro se action against Heather Antaya and Lynne Townsend on July 12, 2023. The following facts are claimed by Plaintiffs. They allege that they filed a lawsuit on July 5, 2022 in Rhode Island Superior Court against Defendants who manage and/or are the landlord of a Providence apartment complex. Plaintiffs contend they filed for summary judgment in December 2022, and a hearing was held in Superior Court on April 4, 2023. (ECF No. 1 at p. 8). Plaintiffs contend that Superior Court Justice Kevin F. McHugh denied their Motion and did not state the reasons for denial on the record. Id. at p. 8-9. Justice McHugh also denied their Motion for Reconsideration. Id. at p. 9. Plaintiffs state that they "would like to have our case the 'whole case,' not part of the case, to be heard, by a trial Judge, at the Superior Court…." Id. at p. 10.

These allegations are plainly an attempt by Plaintiff to relitigate or challenge matters that were or should have been adjudicated in the Rhode Island Superior Court. This Court has no subject matter jurisdiction over these claims, and they must be dismissed. Further, even if the Rhode Island Superior Court proceedings have now concluded, Plaintiffs' Complaint appears to be an improper attempt to have this Court review and overturn rulings made by the state court. Such an attempt is barred in Federal Court by the Rooker-Feldman abstention doctrine. See Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (holding that the Rooker-Feldman doctrine bars federal courts from entertaining "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments."); and Edwards v. Ill. Bd. of Admission, 261 F.3d 723, 728 (7th Cir. 2001) ("federal courts do not have

subject matter jurisdiction to review state court civil decisions. Plaintiffs must instead seek review through the state court system and, if necessary, petition the United States Supreme Court for a writ of certiorari.").

**Conclusion**

For the reasons stated, Plaintiffs' Motion to Proceed In Forma Pauperis (ECF No. 2) is GRANTED. However, pursuant to 28 U.S.C. § 1915(e)(2)(B), I further recommend that Plaintiffs' Complaint (ECF No. 1) and this case be DISMISSED WITHOUT PREJUDICE.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
August 3, 2023