UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LINDA A. LOGAN and | : |
| EPHRAIM E. LOGAN | : |
| | : |
| v. | :  C.A. No. 23-00293-WES |
| | : |
| HEATHER ANTAYA and | : |
| LYNNE TOWNSEND | : |

REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

  Pending before the Court are the Applications to Proceed Without Prepayment of Fees and Affidavits filed by Plaintiffs Linda A. Logan and Ephraim E. Logan.  (ECF Nos. 10, 11).  Plaintiffs seek in forma pauperis status for purposes of an appeal.

  Federal Rule of Appellate Procedure 24 sets forth the steps a litigant must take to obtain approval to appeal IFP.  Fed. R. App. P. 24(a) requires a litigant seeking IFP status on appeal to provide the District Court with an affidavit that (1) demonstrates the party's inability to pay in the detail prescribed by Form 4 of the Appendix of Forms; (2) claims an entitlement to redress; and (3) states the issues that the party intends to present on appeal.

  Plaintiffs have demonstrated their inability to pay and have filed a "Notice of Appeal" which satisfies the second and third requirements of Fed. R. App. P. 24(a).  Nevertheless, I recommend that their Motions to Appeal IFP be DENIED because the appeal is without merit.  Plaintiffs' right to appeal IFP is governed by 28 U.S.C. § 1915 which provides that, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).  "Because the good faith standard is an objective one, an appeal is deemed not taken in good faith if the issues presented are frivolous....An appeal is considered frivolous when it is based

on an 'indisputably meritless legal theory or factual allegations that are clearly baseless.'" Lyons v. Wall, C.A. No. 04-380-T, 2007 WL 2067661 at *1 (D.R.I. July 13, 2007) (internal citations omitted).

In the present case, Plaintiff's proposed appeal to the First Circuit Court of Appeals presents no cognizable legal theories or meritorious factual allegations. The issues Plaintiffs seek to appeal are the very same issues presented in their initial Complaint – their dissatisfaction with the travel of their Rhode Island Superior Court case. In their Notice of Appeal, they acknowledge that the District Court lacks jurisdiction, but seek to have the Court of Appeals intervene and establish a trial date in the Superior Court. (See ECF No. 9). As this Court previously noted, federal courts lack jurisdiction to review state court civil decisions, and Plaintiffs must seek any available relief through the state court system. Accordingly, I recommend that the District Court find that the Appeal is not taken in good faith and DENY Plaintiffs' Motions to Appeal IFP.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart. Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

 /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
September 29, 2023